**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Julio Cesar Garcia Mundia**,<br><br>           Plaintiff,<br><br>vs.<br><br>**Premier Luxury Realty LLC**, an Arizona limited liability company; **Providential Lending Services LLC**, an Arizona limited liability company; **United Housing Solutions LLC**, an Arizona limited liability company, and **John Conover and Karleen Johnson Conover**, a married couple,<br><br>           Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Julio Cesar Garcia Mundia ("Plaintiff" or "Julio Cesar Garcia Mundia"), sues the Defendants, Premier Luxury Realty LLC, Providential Lending Services LLC, United Housing Solutions LLC, and John Conover and Karleen Johnson Conover, ("Defendants" or "Premier Luxury") and alleges as follows:

-1-

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8, and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

10.    At all material times, Defendant Premier Luxury Realty LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Premier Luxury Realty LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

-3-

11.     At all relevant times, on information and belief, Defendant Premier Luxury Realty LLC owned and operated as "Premier Luxury Realty," a real estate restoration and rental company doing business in Maricopa County, Arizona.

12.     Under the FLSA, Defendant Premier Luxury Realty LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Premier Luxury Realty LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Premier Luxury Realty's employees, Defendant Premier Luxury Realty LLC is subject to liability under the FLSA.

13.     At all material times, Defendant Providential Lending Services LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Providential Lending Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

14.     At all relevant times, on information and belief, Defendant Providential Lending Services LLC owned and operated as "Premier Luxury Realty," a real estate restoration and rental company doing business in Maricopa County, Arizona.

15.     Under the FLSA, Defendant Providential Lending Services LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in

-4-

the interest of an employer in relation to an employee.  At all relevant times, Defendant Providential Lending Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Premier Luxury Realty's employees, Defendant Providential Lending Services LLC is subject to liability under the FLSA.

16.     At all material times, Defendant United Housing Solutions LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant United Housing Solutions LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

17.     At all relevant times, on information and belief, Defendant United Housing Solutions LLC owned and operated as "Premier Luxury Realty," a real estate restoration and rental company doing business in Maricopa County, Arizona.

18.     Under the FLSA, Defendant United Housing Solutions LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant United Housing Solutions LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in

-5-

relation to Premier Luxury Realty's employees, Defendant United Housing Solutions LLC is subject to liability under the FLSA.

19.    Defendants John Conover and Karleen Johnson Conover are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants John Conover and Karleen Johnson Conover are owners of Premier Luxury Realty and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

20.    Under the FLSA, Defendants John Conover and Karleen Johnson Conover are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants John Conover and Karleen Johnson Conover had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Premier Luxury Realty's employees, Defendants John Conover and Karleen Johnson Conover are subject to individual liability under the FLSA.

21.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

22.    On information and belief, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a real estate restoration and rental company in Maricopa County, Arizona.

23.    On information and belief, at all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiff under the FLSA.

24.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the real estate restoration and rental company.

25.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

26.    Defendants, and each of them, are sued in both their individual and corporate capacities.

27.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

28.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

-7-

29. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

30. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

31. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

32. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

33. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

34. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

35. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

36. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

37. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

38.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

39.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

40.    Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

41.    Defendants own and/or operate as Premier Luxury Realty, a real estate restoration and rental company doing business in Maricopa County, Arizona.

42.    Premier Luxury Realty is, on information and belief, in the business of purchasing rental homes, using workers like Plaintiff to perform renovation work on them, and then renting such homes to tenants.

43.    In or around February 2022, Plaintiff began working for Defendants as a manual laborer, providing non-exempt services related to home remodeling for Defendants.

44.    Plaintiff was compensated, or supposed to be compensated, an hourly rate of approximately $20 throughout his employment with Defendants.

45.    On information and belief, rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

46.    Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

47. Defendants controlled Plaintiff's schedules.

48. At all relevant times, Plaintiff was economically dependent on Defendants.

49. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants set Plaintiff's work schedule;

    c. Defendants set Plaintiff's rate of pay;

    d. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    g. Plaintiff was hired to work a non-specific duration for Defendants;

    h. On information and belief, Plaintiff had no right to refuse work assigned to him by Defendants;

50. Plaintiff worked for Defendants through approximately February 2024.

51. Throughout Plaintiff's entire employment with Defendants, Plaintiff generally worked six days per week for approximately between 60 and 80 hours per week.

52. During the final approximately 40 workweeks of Plaintiff's employment with Defendants, Plaintiff's work hours were generally the same in that Plaintiff generally worked six days per week for approximately between 60 and 80 hours per week.

-10-

53. Defendants did not compensate Plaintiff any wages whatsoever for the final approximately 40 workweeks of Plaintiff's employment.

54. Throughout the final approximately 40 workweeks of Plaintiff's employment, Plaintiff continually inquired with Defendant John Conover as to when he could expect payment for the work he performed.

55. In response, Defendant John Conover would continually tell Plaintiff that he would pay Plaintiff eventually, but he never did.

56. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his employment with Defendants.

57. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

58. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

59. Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week throughout the entire duration of his employment with Defendants.

60. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time he spent working in excess of 40 hours in a given workweek.

61.    Defendants' failure to pay Plaintiff an overtime premium for such time violated the FLSA, 29 U.S.C. § 207(a).

62.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff minimum wage or an overtime premium would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

63.    To date, Defendants still have paid none of the wages due and owing to Plaintiff for such time.

64.    Plaintiff was not a manager in his work for Defendants.

65.    Plaintiff did not have supervisory authority over any employees in his work for Defendants.

66.    Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

67.    Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

68.    Plaintiff did not direct the work of two or more employees in his work for Defendants.

69.    Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

70.    Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

-12-

71.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

72.     At all relevant times, in his work for Defendants, Plaintiff was a non-exempt employee.

73.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

74.     Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

75.     At all relevant times, in his work for Defendants, Plaintiff was a non-exempt employee.

76.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

77.     Plaintiff is a covered employee within the meaning of the FLSA.

78.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

79.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

80.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

83.     Throughout Plaintiff's entire employment with Defendants, in a given workweek, Defendants willfully failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

84.     As a result of Defendants' willful failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for such hours worked, in violation of 29 U.S.C. § 207.

85.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for such hours worked, Defendants violated the FLSA.

86.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

-14-

87.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

88.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

89.    Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Julio Cesar Garcia Mundia, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

i.    Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

ii.    Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.     As a result of failing or refusing to pay Plaintiff any wages whatsoever for the hours he worked during the final approximately 40 workweeks of employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

92.     As a result of Defendants' willful failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 206.

93.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff minimum wage would violate federal and state law, and

Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

94.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

95.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Julio Cesar Garcia Mundia, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

-17-

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

96.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.    As a result of willfully failing or refusing to pay Plaintiff any wages whatsoever for the hours he worked during the final approximately 40 workweeks of employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

98.    As a result of willfully failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of A.R.S. § 23-363.

99.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff minimum wage would violate federal and state law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

100.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

-18-

101. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Julio Cesar Garcia Mundia, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one of more of the following acts:

  i.   Violated minimum wage provisions of the AMWA, ARS § 23-363, by failing to pay proper minimum wages;

  ii.  Willfully violated minimum wage provisions of the AMWA, ARS § 23-363 by willfully failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 19th day of February, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-20-

## **VERIFICATION**

Plaintiff, Julio Cesar Garcia Mundia, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Julio Cesar Garcia Mundia (Feb 20, 2025 10:23 MST)
Julio Cesar Garcia Mundia

-21-