REI Law Firm
4535 E. McKellips Rd
STE 1093
Mesa AZ 85204
480-660-6250
filings@reilawfirm.com

Joseph G. Urtuzuastegui III, SBN 034797
joe@reilawfirm.com
Attorney for Defendants/Counterclaimants

### UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Cesar Garcia Mundia,<br><br>Plaintiff,<br><br>vs.<br><br>Premiere Luxury Realty LLC, an Arizona limited liability company; Providential Lending Services LLC, an Arizona limited liability company; United Housing Solutions LLC, an Arizona limited liability company, and John Conover and Karleen Johnson Conover, a married couple,<br><br>Defendants. | Case No. 2:25-cv-00579-DGC<br><br>ANSWER AND VERIFIED COUNTERCLAIM |
| Premiere Luxury Realty LLC, an Arizona limited liability company; Providential Lending Services LLC, an Arizona limited liability company; United Housing Solutions LLC, an Arizona limited liability company, and John Conover and Karleen Johnson Conover, a married couple,<br><br>Counterclaimants,<br><br>vs.<br><br>Julio Cesar Garcia Mundia,<br><br>Counterdefendant. | |

1

Defendant/Counterclaimants Premiere Luxury Realty, LLC, United Housing Services, LLC and Providential Lending Services, LLC, and John Conover and Karleen Johnson Conover ("Defendants"), by and through counsel undersigned answer the allegations of the Plaintiffs as follows:

1.      Defendants admit the allegations set forth in Paragraph 1 of the Complaint.

2.      The allegations set forth in paragraph 2 of the Complaint contain statements of policy and incorrect statements of law that Defendants can neither admit nor deny, and therefore deny such allegations.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants are without information sufficient to form a belief concerning the subjective intent of Plaintiff in bringing this action and therefore deny the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants are without information sufficient to form a belief concerning the allegations set forth in Paragraph 9 of the Complaint concerning Plaintiff's domicile and therefore deny such allegations.  Defendants admit that Plaintiff is a former "employee" only as that term is defined under the Fair Labor Standards Act ("FLSA").

10.      Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit that they fall within the definition of "employer" under the FLSA. Defendants deny the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint

40.     Defendants are without information sufficient to form a belief concerning the allegations set forth in Paragraph 40 of the Complaint and therefore deny such allegations.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants admit the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint but admit that Plaintiff meets the statutory definition of "employee" under the FLSA only.

47.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants admit the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants admit the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

66.     Defendants admit the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants admit the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants admit the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants admit the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants admit the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants admit the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants admit the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.    Defendants incorporate their responses to Paragraphs 1 through 80 in response to the allegations set forth in Paragraph 81 of the Complaint.

82.    Defendants admit the allegations set forth in Paragraph 82 of the Complaint.

83.    Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.    Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.    Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86.    Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87.    Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.    Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.    Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.    Defendants incorporate their responses to Paragraphs 1 through 89 in response to the allegations set forth in Paragraph 90 of the Complaint.

91.    Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.    Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.    Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.    Defendants incorporate their responses to Paragraphs 1 through 95 in response to the allegations set forth in Paragraph 96 of the Complaint.

97.    Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

**AFFIRMATIVE DEFENSES**

102.    Defendants assert that an accord existed between the Plaintiff and Defendants regarding disputed time and wages owed under which Plaintiff asserted a right to payment of $1,000.00 and Defendants paid Plaintiff $1,150.00.

103.    Defendants assert that Plaintiff engaged in fraud in reporting his time and presence at worksites as more fully described in the Counterclaim below.

104.    Defendants assert that they have paid Plaintiff in full for all work performed by Plaintiff at his agreed-upon rate.

105.    Defendants assert that any violation of the FLSA was not willful, and therefore the applicable statute of limitations bars any claims for wages arising more that two years before this matter was commenced.

106.    Defendants assert that the accord and satisfaction identified above constitutes a wavier of the claims asserted herein by Plaintiff and a release of all claims asserted herein by Plaintiff.

107.    Defendants assert as an affirmative defense that Plaintiff should be estopped from asserting the claims brought herein.

108.    As to Defendant Providential Lending Services, LLC, such defendant is a debtor in a Chapter 11 case filed in May 5, 2025 in the District of Arizona Bankruptcy Court.

WHEREFORE, having answered the Complaint of Plaintiff, the Defendants request the following relief:

A.      Judgment in their favor such that Plaintiff take nothing by his Complaint;

B.      An award of attorney's fees and cost because Plaintiff's claim is groundless, frivolous, and Plaintiff has engaged in serious misconduct;

C.      For such other relief the Court deems just and proper.

## COUNTERCLAIM

Counterclaimants Premiere Luxury Realty, LLC, United Housing Services, LLC, John Conover ("Conover") and Karleen Johnson Conover, for their counterclaim allege the following upon information and belief.

### Parties, Jurisdiction, and Venue

1.      Defendant/Counterclaimants Premiere Luxury Realty, LLC and United Housing Services, LLC are Arizona limited liability companies that are domiciled in the District of Arizona.

2.      Defendant/Counterclaimants John Conover ("Conover") and Karleen Johnson Conover are individuals domiciled within the District of Arizona.

3.      Defendant Providential Lending Services, LLC is an Arizona limited liability company that is domiciled in the District of Arizona.  However, Providential Lending Services, LLC is a Chapter 11 debtor in the United States Bankruptcy Court for the District of Arizona in Case No. 2:25-bk-04020-BKM filed on May 5, 2025 and all proceedings against it are stayed.

4.      Plaintiff/Counterdefendant Julio Cesar Garcia Mundia is an individual who is domiciled within the District of Arizona.  All actions alleged in this Counterclaim occurred within the District of Arizona.  Plaintif/Counterdefendant Julio Cesar Garcia Mundia is referred to herein as "Plaintiff".

5.      This Court has subject matter over the counterclaims asserted herein under 28 U.S.C. §1367 because the state law counterclaims asserted herein arise from a common set of facts and circumstances such that they form part of the same case or controversy under Article III of the United States Constitution.  Furthermore, such counterclaims are mandatory counterclaims under Rule 13(a)(1)(A), Fed.R.Civ.P.

6.      This Court has personal jurisdiction over the parties hereto.

7.      Venue is proper in this District under 28 U.S.C. §2391(b)(ii) because the conduct alleged herein occurred within the District of Arizona.

8.      Defendants maintained a detailed procedure for reporting time and verifying the work performed by Plaintiff.

9.      Plaintiff's procedure for recording and verifying hours worked for all persons it employed consisted of (a) sending Conover a text message when the employee arrived on site that included a picture of the employee at the worksite; (b) sending Conover a text message when the employee took unpaid breaks and lunches; (c) sending Conover a text message when the employee ended work for the day; and (d) sending text messages including pictures that showed the work done by the employee.

10.     Plaintiff agreed to use Defendants' time tracking and work verification system as part of his employment agreement.

11.     On many occasions, Plaintiff sent Conover text messages containing only the days of the week worked and the number of hours worked.  Conover instructed him to follow the procedures, but nonetheless paid him.

12.     However, when Conover attempted to verify that Plaintiff had performed work, he learned that Plaintiff had misrepresented not only his time but his physical presence on worksites.

13.     Defendants' other employees verified that Plaintiff had not been at work on several of the days Plaintiff claimed to have worked.  Defendants' other employees also informed Conover that Plaintiff had boasted to them that he was being paid for time he did not actually work.  Those employees also informed Conover that Plaintiff routinely failed to show up for work.

14.     Following these reports, Conover spot checked the jobsites to verify that Plaintiff was on site.

15.     After Conover's visits revealed that Plaintiff was not on site, Conover waited for Plaintiff to submit time reports.  As expected, Plaintiff did not follow Defendants' timekeeping and work verification procedures and Plaintiff falsely claimed that he had been on jobsites during the times that Conover was present and Plaintiff was absent.

16.     Conover confronted Plaintiff about his false statements, and Plaintiff confessed that he had provided false statements concerning the hours he worked and/or his presence at job sites.

17.     Conover learned that he had paid Plaintiff for many days for which Plaintiff had provided false reports.

18.     Plaintiff apologized for his dishonesty and asked for another chance.  Conover allowed him to continue working, but Plaintiff again refused to follow the Defendants' timekeeping and work verification procedures and again submitted false time claims.

19.     Defendants terminated Plaintiffs' work and instructed him not to return or perform additional services.

20.     In retaliation for his termination, Plaintiff removed two lawnmowers, two chainsaws, eight cabinets, a dining table and eight chairs, two weed trimmers, a back-mounted blower, a Makita drill set, a reciprocating saw, two televisions, a portable air conditioning unit,

two Graco paint sprayers, paint, and construction materials.  The value of the items removed by Plaintiff had a value in excess of $5,000.00.

21.    Conover learned that his table and chairs were missing when he went to pick them up.  Other workers informed Conover that Plaintiff had removed the other items.  Conover then contacted Plaintiff's girlfriend, who confirmed that the items were at her house.  She invited him to recover the items, but he when he arrived, all the items were gone.

22.    Approximately two weeks later, Plaintiff's girlfriend called Conover and told him that the items had been moved into her storage shed offsite, and she met Conover at the unit. Conover recovered the table top and chairs.  Because the table base was missing, the table is useless.  Plaintiff's girlfriend also informed Conover that Plaintiff was using the equipment he had taken to perform services for other people.

### First Counterclaim

### Fraud

23.    Defendants incorporate the allegations made in paragraphs 1 through 22 above by this reference.

24.    Plaintiff falsely represented to Conover that Plaintiff had provided services for a designated number of hours on Defendants' jobs.

25.    Plaintiff's statements about the number of hours he worked and his presence at Defendants' worksites were false.

26.    Plaintiffs' statements concerning the hours he worked and his presence at Defendants' worksites were material to Defendants.

27.    Plaintiff knew his statements concerning his hours and presence at Defendants' worksites were false.  Indeed, Plaintiff intentionally failed to use Defendants' timekeeping and

work verification procedures so that he could conceal his lack of work and presence at Defendants' worksites.

28.     Plaintiff intended that Defendants rely upon his false statements.

29.     Defendants actually relied upon Plaintiffs' statements concerning the hours he worked and his presence at Defendants' worksites when they paid Plaintiff.

30.     Defendants were unaware that Plaintiff had made material misrepresentations concerning the hours Plaintiff work and Plaintiff's presence at Defendants' worksites.

31.     Defendants had a right to rely upon Plaintiff's statements.

32.     Defendants' reliance upon Plaintiff's statements was reasonable.

33.     Defendants have been injured by their reliance upon Plaintiff's false statements in an amount to be proven at trial.

34.     Plaintiff acted willfully, maliciously, and with an evil mind such that punitive damages are appropriate.

### Second Counterclaim

### Conversion

35.     Defendants incorporate the allegations made in paragraphs 1 through 34 above by this reference.

36.     Defendants owned two lawnmowers, two chainsaws, eight cabinets, a dining table and eight chairs, two weed trimmers, a back-mounted blower, a Makita drill set, a reciprocating saw, two televisions, a portable air conditioning unit, two Graco paint sprayers, paint, and construction materials.

37.     Plaintiff removed those items from Defendants' real property.

38.     Defendants did not authorize Plaintiff to remove those items from their real property.

39.     Plaintiff exercised wrongful dominion or control over the chattels of Defendants.

40.     Plaintiff acted intentionally in removing such items from Defendants' real property.

41.     Plaintiff has disposed of the items listed above, has converted them to his own use and profit, or has concealed the items from Defendants to prevent Defendants from recovering possession and use of the chattels.

42.     Plaintiffs actions have so severely interfered with Defendants' possession, use, and control of their chattels that Plaintiff should be responsible for the value of such chattels.

43.     Plaintiff acted willfully, maliciously, and with an evil mind such that punitive damages are appropriate.

44.     Defendants have been damaged by Plaintiff's wrongful dominion and control of their chattels in an amount to be proven at trial.

**Third Counterclaim**

**Pattern of Unlawful Practices Under A.R.S. 13-2314.04**

45.     Defendants incorporate the allegations made in paragraphs 1 through 44 above by this reference.

46.     A.R.S. §13-2314.04 provides a victim with a civil claim for a person's patter of unlawful practices.

47.     Plaintiff's first predicate act supporting liability arises under A.R.S. §13-2310(A) by obtaining a benefit on by means of false representations.  Plaintiff made multiple false statements to obtain compensation on multiple dates.  This predicate act is a scheme or artifice to

defraud under A.R.S. §13-2310(E) because it deprived Defendants of the intangible right to honest services.

48.    Plaintiff's second predicate act supporting liability arises under A.R.S. §13-1802(A) because Plaintiff has controlled the property of Defendants without authorization and with the intent to deprive Defendants of such property.

49.    The predicate acts identified above are multiple acts occurring at different times and on different dates and therefore constitute a pattern or practice of racketeering activity.

50.    The predicate acts identified above are actions for which an indictment may issue under Arizona law and carry terms of imprisonment for one year or more.

51.    Defendants have been damaged in amount to be proven at trial.

52.    Defendants may be awarded treble damages under A.R.S. §13-2314.04(D)(4).

<u>**Fourth Counterclaim**</u>

**Breach of Contract**

53.    By this reference, Defendants incorporate the allegations set forth in Paragraphs 1 through 53 of this Counterclaim.

54.    Plaintiff and Defendants had an agreement relating to Plaintiff's employment and the manner in which he would report time, verify his presence at worksites, and verify the work he actually performed.

55.    Plaintiff breached that agreement by failing to use Defendants' timekeeping system and by reporting false hours.

56.    Defendants paid Plaintiff for time he did not work.

57.    Defendants were damaged by Plaintiff's breach of the employment agreement.

58.    Defendants are entitled to recover damages in amount to be proven at trial.

59.     Defendants are entitled to recover attorney's fees and costs relating to Plaintiff's breach of contract under A.R.S. §12-341.01(A) because this matter arises out of an employment contract.

WHEREFORE, Defendants/Counterclaimants request that the Court grant them the following relief:

A.     Judgment in their favor on their counterclaims in an amount to be proven at trial;

B.     Treble damages for Plaintiff's pattern of unlawful practices;

C.     Punitive damages against Plaintiff in an amount to proven at trial;

D.     An award of attorney's fees under A.R.S. §13-2314.04(A);

E.     An award of attorney's fees under A.R.S. §12-341.01(A);

F.     Such other relief the Court deems just and proper.

DATED:  May 15, 2025

**REI Law Firm**

By: /s/Joseph G. Urtuzuastegui III 034797
Attorneys for Plaintiff
4535 E. McKellips Rd STE 1093
Mesa, Arizona 85215
480-660-6250
joe@reilawfirm.com

## **VERIFICATION**

John Conover, a defendant and counterclaimant herein, states the following under the penalty of perjury:

I am a member and/or manager of the limited liability companies identified herein and am an individual defendant.  I have read the foregoing Answer and Counterclaim, and verify that the statements therein are true and accurate to the best of my knowledge, and as to those matters alleged upon information and belief, I believe such matters to be true based on the information within my possession.

Dated: May 15, 2025

*John Conover*

John Conover

16

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May 2025, I served the foregoing by transmitting notice of the filing through the court's electronic noticing system to:

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060

Dated this 15th day of May 2025.

**REI Law Firm**

By: /s/Joseph G. Urtuzuastegui III 034797
Attorneys for Plaintiff
4535 E. McKellips Rd STE 1093
Mesa, Arizona 85215
480-660-6250
joe@reilawfirm.com

# FLSA Answer and Counterclaim

Final Audit Report                                                                  2025-05-16

| | |
|---|---|
| Created: | 2025-05-16 |
| By: | Blake Gunn (filings@reilawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAsU8YXJRZaXs5vT-AwmynblhuMyCihI42 |

## "FLSA Answer and Counterclaim" History

Document created by Blake Gunn (filings@reilawfirm.com)
2025-05-16 - 2:30:39 AM GMT

Document emailed to John Conover (john.azhomes@gmail.com) for signature
2025-05-16 - 2:30:43 AM GMT

Email viewed by John Conover (john.azhomes@gmail.com)
2025-05-16 - 2:36:13 AM GMT

Document e-signed by John Conover (john.azhomes@gmail.com)
Signature Date: 2025-05-16 - 2:36:33 AM GMT - Time Source: server

Agreement completed.
2025-05-16 - 2:36:33 AM GMT

Adobe Acrobat Sign