WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Cesar Garcia Mundia,<br><br>    Plaintiff,<br><br>    v.<br><br>Premier Luxury Realty LLC, et al.,<br><br>    Defendants. | No. CV-25-00579-PHX-DGC<br><br>**ORDER** |

Plaintiff Julio Cesar Garcia Mundia filed a complaint against Defendants Premier Luxury Realty LLC, Providential Lending Services LLC, United Housing Solutions LLC, John Conover, and Karleen Johnson Conover. Doc. 1. Defendants assert four counterclaims in response. Doc. 14. Plaintiff moves to dismiss the counterclaims for lack of subject matter jurisdiction pursuant to Rule (12)(b)(1). Doc. 20. For the reasons stated below, the Court will grant in part and deny in part Plaintiff's motion.

**I.    Background.**

Plaintiff worked for Defendants between February 2022 and February 2024 as a manual laborer renovating rental homes. Doc. 1 ¶¶ 42-43, 50. Plaintiff was paid an hourly wage, but alleges he was not paid for the final 40 weeks of his employment or for any overtime he worked during his employment. *Id.* at ¶¶ 44, 53, 59-60.

Defendants allege Plaintiff fabricated his work hours and failed to comply with Defendants' timekeeping system. Doc. 14 ¶¶ 8-15. Defendants allege they gave Plaintiff

an opportunity to comply, but he continued to falsify his work hours and deviate from the timekeeping system. *Id.* ¶¶ 16-18. Defendants terminated Plaintiff's employment and allege he stole $5,000 of property as retaliation. *Id.* ¶¶ 19-20.

Plaintiff sues under the Fair Labor Standard Act ("FLSA") and the Arizona Minimum Wage Act. Doc. 1. Defendants counterclaim for fraud, conversion, a pattern of unlawful practices (A.R.S. § 13-2314.04), and breach of contract. Doc. 14.

## II.  Subject Matter Jurisdiction and the Rule 12(b)(1) Standard.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise federal question, diversity, or supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1367.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack like this one, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*

Counterclaims must have their own basis for subject matter jurisdiction. The parties acknowledge that none of the counterclaims satisfy federal question or diversity jurisdiction. *See* Docs. 20 at 2, 21 at 4. The question, then, is whether each counterclaim falls within the Court's supplemental jurisdiction established by 28 U.S.C. § 1367.

Federal courts may exercise supplemental jurisdiction over non-federal claims and counterclaims "that are so related to claims" brought under the Court's federal question jurisdiction "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). To satisfy this requirement, the federal claim (in this case, the FSLA claim) and the non-federal counterclaims must arise from a "common nucleus of operative fact." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Federal Rule of Civil Procedure 13 addresses the procedures for asserting compulsory and permissive counterclaims, but it is not a source of federal court subject matter jurisdiction. *See* S. Gensler, *Federal Rues of Civil Procedure, Rules and*

*Commentary* 427 (2024) ("Rule 13 does not confer subject matter jurisdiction."). Jurisdiction instead must be found under one of the statutes identified above. Rule 13 provides that a counterclaim is compulsory – it must be asserted as a counterclaim and cannot be asserted in later litigation – if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). For this test, the Ninth Circuit applies a "logical relationship test." *Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). The facts underlying the counterclaim must bear a logical relationship to the facts underlying the plaintiff's claims – the counterclaim must "arise[] from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims[.]" *Id.*

If a counterclaim is compulsory under Rule 13(a) because it arises out of the same transaction or occurrence as the opposing party's federal claim, it necessarily qualifies for supplemental jurisdiction under § 1367 because it arises from the same common nucleus of operative fact as the opposing federal claim and therefore is part of "the same case or controversy." 28 U.S.C. § 1367(a); *see Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018) ("[I]f a counterclaim is compulsory, the Court has supplemental jurisdiction because a counterclaim which arises out of the same transaction or occurrence as the plaintiff's claim also necessarily arises from the same common nucleus of operative fact") (citation modified).

Rule 13 also addresses permissive counterclaims. *See* Fed. R. Civ. P. 13(b). They include any claim a party has against its litigation opponent. *Id.* As with compulsory counterclaims, they must have their own basis for federal court subject matter jurisdiction.

**III.     Plaintiff's Motion to Dismiss Defendants' Counterclaims.**

    **A.     Fraud, Pattern of Unlawful Practices, and Breach of Contract.**

Defendants' counterclaims for fraud, pattern of unlawful practices, and breach of contract share a common nucleus of operative fact with Plaintiff's FSLA claim. These claims therefore qualify for supplemental jurisdiction under § 1367. *In re Pegasus Gold Corp.*, 394 F.3d at 1195. They also are compulsory counterclaims because they satisfy

the logical relationship test – they arise from "the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims[.]" *Mattel*, 705 F.3d at 1110.

Plaintiff claims that he was not paid for many of the hours he worked and was not paid overtime when his weekly hours exceeded 40. Doc. 1 ¶¶ 53, 60. Defendants' fraud counterclaim asserts that Plaintiff knowingly falsified his hours with the intent to mislead Defendants. Doc. 14 at 11-12. Both claims will focus on what hours Plaintiff worked and how they were recorded. *See Crespo v. True Ride Inc.*, No. CV-22-01869-PHX-ROS, 2023 WL 3726718, at *3 (D. Ariz. May 30, 2023) ("There is a logical relationship between Plaintiff's FLSA claim and Defendants' fraud counterclaims because the same operative facts serve as the basis of both claims.") (citation modified).

Defendants' pattern of unlawful practices counterclaim similarly alleges that Plaintiff falsified his time records. Doc. 14 at 13-14. This too will require the jury to determine what hours Plaintiff actually worked and consider each side's evidence on that issue, including time records Defendants claim were falsified.

Defendants' breach of contract counterclaim alleges that Plaintiff's employment contract dictated how he was to record and verify the hours he worked, and that he breached the contract by not following Defendants' procedures. *Id.* at 14-15. This claim also concerns how Plaintiff recorded the time he worked and the procedures he followed for verifying those hours – issues that will arise in the trial of his FSLA claim. Plaintiff will present the records he created as evidence supporting his claim, and Defendants will seek to undercut that evidence by showing the records were not properly created and verified as Defendants required.

Plaintiff argues there is no supplemental jurisdiction for the breach of contact counterclaim based on *Ripley v. PMD Dev. LLC*, No. CV-18-01162-PHX-DLR, 2018 WL 4931750 (D. Ariz. Oct. 11, 2018). Doc. 25 at 6. But the breach of contract in *Ripley* arose from the plaintiff "failing to follow [the] defendant's procedures," which did "*not* turn on evidence about the hours [the plaintiff] worked and the compensation he received for that

work." *Id.* at *2 (citation modified). Here, by contrast, Plaintiff's alleged failure to abide by the employment contract directly relates to the number of hours he worked.

Plaintiff argues that Defendants did not keep time records and Plaintiff should not be punished for this failure. He cites cases addressing how a plaintiff in such a case can carry his burden of proof at trial. *See* Doc. 25 at 4-5. But this case law does not address subject matter jurisdiction. Nor does it hold that a defendant who fails to maintain time records is prohibited from challenging the plaintiff's evidence. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a) ("In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed *or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence*.") (emphasis added). Defendants are not foreclosed from challenging the credibility of Plaintiff's evidence because they did not keep their own records.

In summary, because these three counterclaims arise from the same set of operative facts that underlie Plaintiff's claims, they are subject to supplemental jurisdiction under § 1367. *Mattel*, 705 F.3d at 1110. Plaintiff suggests the Court should exercise its discretion to decline supplemental jurisdiction under § 1367(c). The Court will not do so because the counterclaims are compulsory and likely will be lost if not asserted in this case.[1]

### B. Conversion Counterclaim.

Defendants' conversion counterclaim arises from separate facts. Defendants claim Plaintiff removed Defendants' property in retaliation for his termination. Doc. 14 ¶ 20. These events occurred after the employment relationship had ended and are separate from the hours Plaintiff worked and how he recorded and verified them.

---

[1] Defendants suggest in their briefing that the breach of contract claims is permissive. *See* Doc. 21 at 10. The Court does not agree for reasons stated above.

As noted above, to be subject to supplemental jurisdiction, the counterclaim must arise from a "common nucleus of operative fact." *In re Pegasus Gold Corp.*, 394 F.3d at 1195. The conversion counterclaim arises from facts separate from Plaintiff's FSLA claim, with the only common connection being Plaintiff's employment by Defendants. And although the conversion allegedly was retaliation for Plaintiff's termination, it occurred when he no longer was employed by Defendants. Any employment link between Plaintiff's claims and the alleged conversion is not enough to satisfy supplemental jurisdiction. *See, e.g.*, *Poehler v. Fenwick*, No. 2:15-CV-01161 JWS, 2015 WL 7299804, at *2 (D. Ariz. Nov. 19, 2015) ("[T]he mere existence of an employment relationship between plaintiffs and defendants . . . [is] insufficient to establish supplemental jurisdiction over Defendants' counterclaims that have nothing to do with the underlying wage claims"). Defendants' conversion counterclaim must be dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED** that Plaintiff's motion to dismiss (Doc. 20) is **granted** in part. The conversion counterclaim is dismissed for lack of jurisdiction. The motion otherwise is **denied**.

Dated this 10th day of September, 2025.

David G. Campbell
Senior United States District Judge