**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Cesar Garcia Mundia, | No. CV-25-00579-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Premiere Luxury Realty LLC; Providential Lending Services LLC; United Housing Solutions LLC; John Conover; and Karleen Johnson Conover, | |
| Defendants/Counterclaimants. | |

The Court dismissed Plaintiff's claims for lack of prosecution. Doc. 41. Defendants have filed a motion for default judgment on their counterclaims pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 42. No response has been filed. For reasons stated below, default judgment is appropriate and will be entered in the amount of $9,896.77, plus an award of $6,600.00 in attorneys' fees.

## I.      Background.

Plaintiff worked for Defendants between February 2022 and February 2024 as a manual laborer renovating rental homes. Doc. 1 ¶¶ 42-43, 50. Plaintiff was paid an hourly wage, but alleges he was not paid for the final 40 weeks of his employment or for any overtime he worked during his employment. *Id.* ¶¶ 44, 53, 59-60.

1

Defendants allege Plaintiff fabricated his work hours and failed to comply with Defendants' timekeeping system. Doc. 14 ¶¶ 8-15. Defendants allege they gave Plaintiff an opportunity to comply, but he continued to falsify his work hours. *Id.* ¶¶ 16-18. Defendants terminated Plaintiff's employment and allege he stole $5,000 of property in retaliation. *Id.* ¶¶ 19-20.

Plaintiff sued for unpaid wages under the Fair Labor Standard Act and the Arizona Minimum Wage Act. Doc. 1. Defendants counterclaimed for fraud, conversion, a pattern of unlawful practices (A.R.S. § 13-2314.04), and breach of contract. Doc. 14 at 8-15. The Court dismissed the conversion claim for lack of subject matter jurisdiction. Doc. 28 at 5-6.

Plaintiff's counsel moved to withdraw due to Plaintiff's failure to communicate with counsel and provide necessary information and documents. Doc. 38. The Court granted the motion and dismissed Plaintiff's claims for failure to prosecute. Docs. 39, 41.

The Clerk entered Plaintiff's default pursuant to Rule 55(a). Doc. 34. Defendants move for default judgment on the remaining counterclaims under Rule 55(b)(2). Doc. 42.

**II.     Default Judgment.**

After the Clerk enters default, the Court has discretion to enter default judgment pursuant to Rule 55(b)(2). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). While the Court is not required to make detailed findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to the claimant, (2) the merits of the claims, (3) the sufficiency of the pleading, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**A.     Prejudice to Defendants.**

The first *Eitel* factor considers whether the claimant will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has failed to participate in this litigation and no longer has

2

counsel appearing on his behalf. If default judgment is not entered on the counterclaims, Defendants "will likely be without other recourse for recovery." *Id.* The first *Eitel* factor favors default judgment.

### B. Merits of the Counterclaims and Sufficiency of the Pleading.

These *Eitel* factors are often analyzed together and require the Court to consider whether the pleading states a plausible claim for relief. *See id.*; *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021). A claim is plausible when it is brought under a cognizable legal theory and pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept the allegations of the pleading as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2; *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A review of Defendants' verified pleading shows that they have stated plausible fraud and breach of contract claims against Plaintiff. *See* Doc. 14 at 8-16. The second and third *Eitel* factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, courts consider the amount of money at stake in relation to the seriousness of the alleged misconduct. Defendants seek default judgment in the total amount of $9,896.77. Doc. 42 at 3. This includes the $3,450.00 Defendants overpaid Plaintiff based on his fraudulent timekeeping practices and the related $6,446.77 that Plaintiff received in utility payments and rent and vehicle credits. *Id.* The Court finds that the requested $9,896.77 in damages is proportionate to the seriousness of Plaintiff's misconduct. This factor therefore favors default judgment.

### D. Potential Factual Disputes.

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6,

2021). Where the plaintiff "defaults by refusing to answer and defend, the allegations in the well-pleaded [counterclaims] are presumed true and . . . there is no possible dispute of material facts" with respect to liability. *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021). The fifth *Eitel* factor supports default judgment.

### E.    Whether Default Was Due to Excusable Neglect.

Plaintiff failed to appear at the March 18, 2026 status hearing and the Court found no good cause to set aside the entry of default on the counterclaims. Doc. 41. Plaintiff has not otherwise shown that his default was due to excusable neglect. This factor favors default judgment.

### F.    Policy Favoring Decisions on the Merits.

Cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177. Because Plaintiff's failure to respond to the counterclaims "makes a decision on the merits impractical, if not impossible," *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008), this factor favors default judgment.

### G.    Conclusion.

Each *Eitel* factor favors default judgment. The Court will enter default judgment against Plaintiff and, for reasons explained below, award Defendants $9,896.77 in damages.

## III.    Damages.

The Court need not accept the amount of damages requested in granting default judgment. *See Geddes*, 559 F.2d at 560. There must be some evidentiary basis for the damages sought. *See Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *2 (D. Ariz. Nov. 5, 2019); *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *5 (D. Ariz. Feb. 29, 2024). The Court may, however, enter default judgment without a hearing on damages when the amount claimed

is capable of ascertainment from the documentary evidence or a detailed declaration. *See Demello v. United States*, No. C16-5741, 2018 WL 3625339, at *1 (W.D. Wash. June 5, 2018).

Defendant John Conover, the Managing Member of the LLC Defendants, has filed a detailed declaration and a damages calculation chart in support of the request for $9,896.77 in compensatory damages. Docs. 44-1, 44-2. The declaration and chart provide a sufficient evidentiary basis for the damages sought. *See Elektra Ent. Grp., Inc. v. Bryant*, No. CV 03-6381GAF(JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004) (explaining that on default judgment the claimant's "burden in 'proving up' damages is relatively lenient" and the "court can rely on the declarations submitted by the [claimant]").[1]  The Court also finds Defendants' request for an award of $6,600.00 in attorneys' fees to be reasonable. *See* Doc. 44-1 ¶ 16; *see also Castro v. C&C Verde LLC*, No. CV-18-04715-PHX-JJT, 2023 WL 12141099, at *2 (D. Ariz. Aug. 28, 2023) (explaining that "LRCiv 54.2 by its own express terms does not apply to default judgment matters").[2]

**IT IS ORDERED:**

1.    Defendants' motion for default judgment on their counterclaims (Doc. 42) is **granted**.

2.    Default judgment is entered in favor of Defendants and against Plaintiff Julio Cesar Garcia Mundia in the amount of **$9,896.77**.

3.    Defendants are awarded attorneys' fees in the amount of **$6,600.00**.

4.    The Clerk is directed to terminate this case.

Dated this 2nd day of July, 2026.

David G. Campbell
Senior United States District Judge

---

[1] The Court will exercise its discretion and deny Defendants' request for treble damages. *See Aldabe*, 616 F.2d at 1092.

[2] While the Court normally would wait until after entry of judgment to award attorneys' fees, there is no point in doing so given Plaintiff's failure to respond to the counterclaims or the default judgment motion. Delaying the award would only multiply proceedings unnecessarily and require Defendants to incur additional expense.